IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2012 FEB 24  P 4: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) Case No. 2:12-cv-179-MHT |
| v. | ) ) |
| THE STATE OF ALABAMA and BETH CHAPMAN, SECRETARY OF STATE OF ALABAMA, in her official capacity, | ) ) ) ) ) |
| Defendants. | ) ) ) |

COMPLAINT

The United States of America alleges:

1. This action is initiated by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") of 1986, 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act ("MOVE Act") of 2009, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-35 (2009).

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and brings this action for declaratory and injunctive relief to ensure that absent uniformed services voters and overseas voters ("UOCAVA voters") will have the opportunity to vote guaranteed by UOCAVA in Alabama's 2012 elections for Federal office and in future elections for Federal office.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

4. Defendant State of Alabama is charged with the responsibility of complying with UOCAVA, and ensuring that validly-requested absentee ballots are transmitted to UOCAVA voters in accordance with its terms. 42 U.S.C. § 1973ff-1.

5. Defendant Beth Chapman is sued in her official capacity as the Secretary of State of the State of Alabama. The Secretary of State is Alabama's chief election officer. Ala. Code § 17-1-3(a); *see* Ala. Code §§ 17-11-5, 17-11-40, 17-11-41, 17-11-50, 17-11-51 (designating rule-making authority and other UOCAVA implementation responsibilities to Secretary of State). The Secretary of State is, among other things, charged with receiving the results of Federal elections from the officials of each county and certifying the results. *See* Ala. Code §§ 17-12-9, 17-12-17, 17-12-21.

6. The principal office of the Secretary of State's Elections Division is in Montgomery, Alabama.

7. In 2009, Congress passed the MOVE Act, which amended UOCAVA to require that absent uniformed services voters and overseas voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1(a)(1).

8. UOCAVA requires that states establish procedures for at least one method of electronic transmission of blank ballots to UOCAVA voters who request electronic transmission of their ballots. *See* 42 U.S.C. § 1973ff-1(f)(1).

9. UOCAVA requires that states transmit all validly-requested ballots to UOCAVA voters by mail or electronically, in accordance with the voter's designation, not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption waiver is obtained pursuant to Section 102(g) of

UOCAVA. *See* 42 U.S.C. §§ 1973ff-1(a)(8) & (g).  The State of Alabama neither sought nor received a hardship exemption waiver under UOCAVA for any Federal election in 2012.

10. Alabama will hold a Federal primary election on March 13, 2012.

11. The 45th day before the March 13, 2012 Federal primary election was January 28, 2012.

12. Under Alabama law, ballots from UOCAVA voters must be postmarked the day before Election Day and received by 12:00 p.m. on Election Day to be counted in the election. *See* Ala. Code § 17-9-51.  For the upcoming Federal primary election, this means UOCAVA ballots must be postmarked by March 12, 2012, and received by 12:00 p.m. on March 13, 2012 to be counted.

13. Under Alabama law, primary runoff elections are held on the sixth Tuesday following the primary election. Ala. Code § 17-13-3.  Accordingly, in 2012, Alabama will hold a Federal primary run-off election, if necessary, on April 24, 2012.

14. Under Alabama law, the results of the Federal primary election must be certified by March 23, 2012, just 32 days before the scheduled April 24 primary runoff election. Ala. Code §§ 17-13-17, 17-12-15.

15. Under Alabama law, if a primary runoff election is held in 2012, UOCAVA ballots must be postmarked by April 24, 2012 and received by 12:00 p.m. on May 1, 2012 to be counted. Ala. Code § 17-11-18.

16. Despite UOCAVA's 45-day advance ballot transmission requirement for all Federal elections, Alabama law provides less than 45 days between the Federal primary and primary runoff elections.

17. Upon information and belief, Alabama did not provide eligible UOCAVA voters a ballot that could be voted in a Federal primary runoff election, if one is necessary, when it transmitted UOCAVA ballots for the March 13, 2012 Federal primary election, or subsequently.

18. Alabama's administration of Federal primary runoff elections does not comply with UOCAVA's 45-day advance ballot transmission requirement.

19. Under UOCAVA, states must "establish a written plan that provides absentee ballots are made available to absent uniformed services voters and overseas voters in [a] manner that gives them sufficient time to vote in the runoff election." 42 U.S.C. § 1973ff-1(a)(9).

20. The United States has repeatedly sought to engage the State in discussions about its UOCAVA compliance in the time leading to the 2012 Federal elections.

21. By letter dated November 4, 2011, the United States contacted the Secretary of State requesting the opportunity to discuss with state election officials the State's plans and preparation for UOCAVA compliance during the 2012 Federal elections. Letter from T. Christian Herren, Jr., Chief, Voting Section, U.S. Dep't of Justice, to Beth Chapman, Ala. Sec'y of State (Nov. 4, 2011), attached as Ex. A. The United States received no information in response to that letter.

22. On January 9, 2012, the United States followed up on its November 2011 letter, requesting by telephone to schedule a telephonic conference call with state election officials to inquire about the State's plans and preparation for UOCAVA compliance during the 2012 Federal elections. The State declined this second request.

23. As a result of the State's refusal to provide any information as to its UOCAVA compliance, beginning on February 6, 2012, the United States contacted several Alabama counties directly to inquire whether they timely transmitted validly-requested ballots to UOCAVA voters. County election officials in some counties refused to provide any information sought by the United States. In some cases, election officials stated that the Secretary of State

had advised them not to provide the Department of Justice with any information and told the United States to submit all information requests to the Secretary of State's office.

24. Some county officials, however, admitted that their UOCAVA ballots were transmitted to voters after January 28, 2012, the 45-day advance mailing deadline for the 2012 Federal primary election. Upon information and belief, some counties transmitted ballots more than 8 days after the January 28, 2012 deadline.

25. The Secretary of State has posted a "Notice to UOCAVA Voters" on her website that advises voters that "[t]he Secretary of State has received information indicating that transmission of some UOCAVA ballots for the March 13, 2012 primary election has been delayed." *See* Ala. Sec'y of State, Notice to UOCAVA Voters, http://www.sos.state.al.us/Elections/Default.aspx (last visited February 24, 2012), attached as Ex. B.

26. Due to Defendants' failure to ensure the timely transmission of all UOCAVA ballots, on February 7, 2012, the Secretary of State adopted an emergency rule, Ala. Emergency Admin. Rule Ch. 820-2-8-.10-.10ER, which extended the ballot receipt deadline for UOCAVA ballots for the March 13 primary election by eight days, to March 21, 2012, to give UOCAVA voters more time to receive, mark, and return their ballots.

27. On February 15, 2012, the United States transmitted to the State by electronic mail, telefacsimile, and first class mail, a letter reiterating the previous requests for information about the State's UOCAVA compliance and, in particular, requesting information about the circumstances leading to the Notice to UOCAVA Voters published by the Secretary of State. Letter from T. Russell Nobile, Trial Attorney, Voting Section, U.S. Dep't of Justice, to Winfield Sinclair, Ala. Assistant Attorney General (Feb. 15, 2012), attached as Ex. C. The letter also

requested a copy of the State's written plan for providing UOCAVA voters with ballots for runoff elections, as required by UOCAVA. 42 U.S.C. § 1973ff-1(a)(9).

28. On February 21, 2012, the Secretary of State's chief legal advisor responded to the United States' February 15, 2012 letter on behalf of the Secretary of State. The letter contained the admission that "the Secretary has received reports that not all Alabama counties have been able to transmit UOCAVA absentee ballots by the 45th day before the March 13, 2012 Primary Election." Letter from Jean Brown, Chief Legal Advisor to Ala. Sec'y of State, to T. Russell Nobile, Trial Attorney, Voting Section, U.S. Dep't of Justice (Feb. 21, 2012), attached as Ex. D [hereinafter "Brown Letter"].

29. Despite this admission, the Secretary of State refused to provide any other information concerning the State's late transmission of UOCAVA ballots. *Id.* at 2.

30. Defendants' failure to ensure that election officials in Alabama transmitted timely-requested absentee ballots to all qualified UOCAVA voters by mail or electronically, in accordance with the voter's designation, not later than 45 days in advance of the March 13, 2012 Federal primary election violates Section 102(a)(8)(A) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A). This failure will deprive UOCAVA voters of the full opportunity to vote in the March 13, 2012 Federal primary election, as guaranteed by UOCAVA.

31. Defendants similarly failed to ensure absentee ballots were transmitted by mail or electronically to UOCAVA voters 45 days in advance of the November 2, 2010, Federal general election.

32. Accordingly, in each of the two Federal elections held since UOCAVA was amended by the MOVE Act to include a 45-day advance ballot transmission requirement, Defendants failed to ensure that all qualified overseas and military voters who had made timely requests for

absentee ballots in fact had their ballots transmitted by that deadline. *See* 42 U.S.C. § 1973ff-1(a)(8)(A).

33. The Secretary of State's February 21, 2012 response attached a copy of Alabama Emergency Administrative Rule Ch. 820-2-8-.11-.11ER. This rule is entitled "Second Primary Election Written Plan Pursuant to 42 U.S.C. § 1973ff-1(a)(9)," and was adopted by the Secretary of State on February 21, 2012, the same date the State responded to the United States' February 15, 2012 letter. *See* Brown Letter, attached as Ex. D.

34. Alabama Emergency Admin. Rule Ch. 820-2-8-.11-.11ER does not provide any new balloting procedures or modifications to the existing electoral calendar deadlines that preclude Alabama from complying with UOCAVA's 45-day advance ballot transmission requirement for the April 24, 2012 Federal primary runoff election, or for any subsequent Federal primary runoff election.

35. Defendants' failure to promulgate a written plan that ensures that UOCAVA ballots will be made available to Alabama's UOCAVA voters in a manner that provides sufficient time for them to vote in runoff elections violates Section 102(a)(9) of UOCAVA. 42 U.S.C. § 1973ff–1 (a)(9).

36. Accordingly, an order of this Court is necessary to require Defendants to take corrective action to protect rights granted by UOCAVA and to ensure that Alabama's affected military and overseas voters have sufficient time to receive, mark, and return their ballots in time to have them counted for the March 13, 2012 Federal primary election, and in all subsequent elections for Federal office, including the April 24, 2012 Federal primary runoff election.

WHEREFORE, the United States asks this Court to hear this action pursuant to 42 U.S.C. §1973ff-4 and 28 U.S.C. §§ 1345 & 2201, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that the Defendants violated Sections 102(a)(8)(A) and 102(a)(9) of UOCAVA, 42 U.S.C. §§ 1973ff–1(a)(8)(A) and (a)(9), by failing to ensure that absentee ballots were transmitted to UOCAVA voters by January 28, 2012 for the March 13, 2012 Federal primary election, and by failing to provide for transmittal of absentee ballots to UOCAVA voters at least 45 days before primary runoff elections for Federal office when they are held; and

(2) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

(a) To take such steps as are necessary to ensure that UOCAVA voters shall have sufficient time to receive, mark, and submit their ballots in time to have them counted in the March 13, 2012 primary election for Federal office and the scheduled April 24, 2012 Federal primary runoff election, if one is required;

(b) To take such steps as are necessary to afford affected UOCAVA voters who are eligible to participate in the March 13, 2012 primary election for Federal office, and the April 24 primary runoff election for Federal office, if one is required, a reasonable opportunity to learn of this Court's order;

(c) To report to the United States and the Court concerning the transmission, receipt and counting of UOCAVA ballots, and related notice procedures, for the March 13, 2012 primary election for Federal office pursuant to this Court's order within 45 days after the primary election; and within 45 days after the scheduled April 24, 2012 Federal primary runoff election, if one is required; and

(d) To take such other steps as are necessary to assure that the State conducts all of its future Federal elections in full compliance with UOCAVA, including requiring

Defendants to provide pre- and post-election reports to the United States as to its UOCAVA compliance efforts for future Federal elections.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Date: February 24, 2012

GEORGE L. BECK, JR.
United States Attorney
Middle District of Alabama

*/s/ Stephen M. Doyle*
STEPHEN M. DOYLE
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7418

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

*/s/* (for)
T. CHRISTIAN HERREN JR.
RICHARD DELLHEIM
T. RUSSELL NOBILE
RISA BERKOWER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NWB - 7254
Washington, D.C. 20530
Telephone: (202) 307-1190
Facsimile: (202) 307-3961
risa.berkower@usdoj.gov

10