```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA,    )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )      2:12cv179-MHT
                             )          (WO)
THE STATE OF ALABAMA and     )
BETH CHAPMAN, in her         )
official capacity as         )
Secretary of State of        )
Alabama,                     )
                             )
     Defendants.             )
```

OPINION AND ORDER

On February 24, 2012, plaintiff United States of America ("the United States") filed this lawsuit against defendants State of Alabama and Alabama Secretary of State Beth Chapman (collectively "Alabama" or "the State"). Relying on the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. 1973ff et seq., as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"),

the United States seeks to enforce the right of absent uniformed services and overseas voters ("UOCAVA voters") to vote by absentee ballot in the State of Alabama's federal primary election scheduled for March 13, 2012.

UOCAVA guarantees military and overseas voters the right "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1. In 2009, the MOVE Act amended UOCAVA to require that states transmit absentee ballots to UOCAVA voters at least 45 days before an election for federal office to provide voters sufficient time to receive, mark, and return absentee ballots. 42 U.S.C. § 1973ff-1(a)(8)(A) ("Each state shall ... transmit a validly requested absentee ballot to an absent uniformed services voter or overseas voter ... not later than 45 days before the election..."). The United States Attorney General is authorized to bring a civil action as necessary to enforce UOCAVA. 42 U.S.C. § 1973ff-4.

On February 27, 2012, the United States moved for temporary- and preliminary-injunctive relief against Alabama, asserting that emergency relief is necessary to remedy imminent disenfranchisement of many Alabama UOCAVA voters caused by the State's alleged failure to ensure transmission of absentee ballots to these voters at least 45 days before the State's March 13 federal primary election, as required by UOCAVA.

The court considers four factors in determining the propriety of granting temporary or preliminary relief: (1) whether there is a substantial likelihood of success on the merits; (2) whether irreparable injury will result unless the injunction is issued; (3) whether the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) whether granting the injunction is in the public interest. <u>Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l</u>, 238 F.3d 1300, 1308 (11th Cir. 2001); <u>Siegel v. Lepore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

Taking into account the record as it stands now as a whole, the court concludes that the United States has met its burden of establishing each factor and that a temporary and preliminary injunction should issue. Specifically, the court finds it substantially likely the United States will prevail on its claim that Alabama has failed to ensure that timely requested UOCAVA ballots were transmitted to qualified UOCAVA voters as of the 45-day advance transmission deadline; indeed, during an on-the-record hearing with counsel for both sides today, the State conceded that some UOCAVA ballots were transmitted after the deadline. Accordingly, the United States has demonstrated a high likelihood of success on the merits of its UOCAVA claim. Regarding injury, UOCAVA voters affected by the State's alleged failure to ensure UOCAVA compliance face imminent disenfranchisement, and thus irreparable harm, if immediate injunctive relief is not granted; each day that passes contributes to that harm, and the looming March 13 deadline makes swift,

deliberate action necessary to counteract this harm.  In addition, the relative harm to the State from effectuating the proposed relief is slight when compared with the potential harm to Alabama's UOCAVA voters, many of whom are deployed abroad serving in the United States military.  Finally, the public interest strongly favors enforcement of those rights by injunction under present, time-exigent circumstances.

With regard to all four factors, the court emphasizes that the United States has not requested substantive relief at this time, as it might have done.  Instead, the United States is initially pursuing a much less-intrusive means for effectuating compliance with the UOCAVA by, first, seeking the information necessary to determine precisely what the substantive remedy should be and, second, asking for the opportunity for the parties themselves to work together in good faith and jointly craft a remedy that vindicates the rights of UOCAVA voters in Alabama.  Because this quite-limited initial

remedy leaves substantive resolution of this case up to the parties in the first instance and thus, hopefully, may require no further intervention from the court, it well serves the interest of comity that generally counsels federal courts to "refrain from becoming embroiled in state election schemes." <u>United States v. New York</u>, 2012 WL 254263, at *1 (N.D.N.Y. Jan. 27, 2012) (Sharpe, C.J.).

Succinctly put, the court finds issuance of injunctive relief appropriate because:

A.  UOCAVA guarantees active duty members of the uniformed services (along with their spouses and dependents) and United States citizens residing overseas the right "to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

B.  Alabama is responsible for complying with UOCAVA and ensuring that all validly requested absentee ballots are sent to UOCAVA voters in accordance with its terms,

ncluding UOCAVA's 45-day advance transmission deadline. 42 U.S.C. §§ 1973ff-l & 1973ff-6(6); New York, 2012 WL 254263, at *1.

C. There is substantial evidence that Alabama has failed to transmit all UOCAVA ballots in accordance with UOCAVA for the 2012 federal primary election and, specifically, that Alabama has failed to ensure that all timely requested UOCAVA ballots were transmitted to qualified UOCAVA voters no later than January 28, the 45th day before the March 13 federal primary election.

D. There is substantial evidence that Alabama officials have refused to cooperate with the United States to help determine the scope and severity of the harm generated by the State's UOCAVA violations or to help forge an appropriate remedy for that harm.

E. There is substantial evidence that the State of Alabama's extension of its ballot receipt deadline is insufficient under the circumstances and does not fully remedy the harm occasioned by its UOCAVA violations.

F.  At present, insufficient evidence is available as to the precise scope and severity of the harm suffered by Alabama's affected UOCAVA voters due to the State's alleged failure to transmit absentee ballots before the March 13 federal primary election.  Without that evidence, neither the parties nor the court are able to fashion complete relief for that harm.

G.  There is substantial evidence that the State of Alabama is poised to commit further UOCAVA violations with respect to the State's federal runoff-primary election, should such an election be necessary.

***

Accordingly, because the time remaining before the federal primary election at issue is short and in order to afford relief as complete as practicable for the State of Alabama's alleged UOCAVA violations, it is ORDERED that plaintiff United States of America's motion for temporary restraining order and for preliminary injunctive relief (Doc. No. 5) is granted as follows:

(1) Within two days (including weekend days) of this order, defendants State of Alabama and Beth Chapman shall file with the court a county-specific report detailing the UOCAVA ballot activity throughout the State prior to the March 13, 2012, federal primary.  This report shall include, by county: (a) the number of UOCAVA absentee ballots requested as of January 28, 2012; (b) the number of UOCAVA absentee ballots requested after January 28, 2012; (c) the number of UOCAVA ballots transmitted as of January 28, 2012; and (d) the number of UOCAVA ballots requested as of January 28, 2012, but transmitted after that date and the date each ballot was transmitted.  For each of (a)-(d) above, defendants Alabama and Chapman shall denote how many ballots were transmitted electronically and how many were sent by mail.

(2) Counsel for defendants Alabama and Chapman shall meet and confer with counsel for plaintiff United States of American in person or by telephone within one day (including weekend days) after filing the report

described in ¶ (1).  Based on the information contained in that report, counsel for the parties shall discuss the appropriate next steps, including but not limited to the necessity for, and the duration of, a court-ordered extension to the State's ballot-receipt deadline and election-certification deadline, notice and publicity efforts to ensure that affected voters can take informed advantage of any remedial order of this court, the propriety of affording affected UOCAVA voters the possibility of returning marked ballots by express mail at defendants Alabama and Chapman's expense, and any other measures necessary to ensure that Alabama's affected UOCAVA voters have a full opportunity to participate in the March 13, 2012, federal primary and that their rights are vindicated to the greatest extent possible.  Counsel for the parties shall also discuss appropriate measures to ensure that UOCAVA voters are afforded a full opportunity to participate in the State's

April 24, 2012, federal runoff-primary election, if that election is held.

(3) Within four days (including weekend days) of the court's order, counsel for the parties shall report back to the court their joint recommendation for providing Alabama's UOCAVA voters with complete relief for the State's March 13, 2012, federal primary election and its April 24, 2012, federal runoff-primary election (should such a runoff be necessary). If the parties are unable to agree on a joint recommendation as to appropriate relief, then they should file separate recommendations and the court will determine the extent of appropriate relief, if any, based on the parties' separate filings.

(4) Because time is of the essence and thus defendants Alabama and Chapman may not have had an adequate opportunity to respond (both as to the law and the evidence) to the pending motion for temporary restraining order and for preliminary injunctive relief, the court will, upon timely request from defendants

Alabama and Chapman, reconsider the relief afforded in this order.

(5) The court retains jurisdiction of this action to enter such further relief as may be necessary for the effectuation of the terms of this order and for the entry of such permanent relief as appropriate to ensure defendants Alabama and Chapman's future UOCAVA compliance.

DONE, this the 28th day of February, 2012.

          /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE