IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:12cv179-MHT |
| | ) | (WO) |
| **THE STATE OF ALABAMA and BETH CHAPMAN,** in her official capacity as Secretary of State of Alabama, | ) ) ) ) ) | |
| | ) | |
|     Defendants. | ) | |

PRELIMINARY INJUNCTION

On February 24, 2012, plaintiff United States of America filed this lawsuit against defendants State of Alabama and Alabama Secretary of State Beth Chapman. Relying on the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. 1973ff et seq., as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009), the United States seeks to enforce the right of absent uniformed services and

overseas voters ("UOCAVA voters") to vote by absentee ballot in the State of Alabama's federal primary election scheduled for March 13, 2012.  This matter is now before the court on the United States' motion for a preliminary injunction, which is due to be granted.  Because the four factors for preliminary relief ((1) whether there is a substantial likelihood of success on the merits; (2) whether irreparable injury will result unless the injunction is issued; (3) whether the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) whether granting the injunction is in the public interest, Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l, 238 F.3d 1300, 1308 (11th Cir. 2001)) are met and because the election deadlines are fast-approaching and eminent and thus time is of the essence, the court is of the opinion that issuance of the injunction should not await its formal opinion, which shall be filed on or before Friday, March 9, 2012.

2

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff United States of America's motion for preliminary injunction (Doc. No. 5) is granted and that defendants State of Alabama and Secretary Beth Chapman are enjoined and restrained from failing to do the following:

(1) Defendants Alabama and Chapman shall take all steps necessary to ensure that all timely-requested UOCAVA ballots, including federal write-in absentee ballots, are counted as validly-cast ballots in the March 13, 2012 federal primary election, provided such ballots are executed and postmarked or show a dated endorsement of receipt by another agency of the United States government by March 13, 2012, received by March 31, 2012, and are otherwise valid.  Thus, the deadline for receipt of UOCAVA ballots for the March 13, 2012 federal primary shall be extended to March 31, 2012.  However, election results for the March 13, 2012 federal election may be

formally certified for any election in which the number of outstanding absentee ballots from UOCAVA voters could not mathematically alter the outcome of the election, subject to amendment or re-certification to add any votes from any ballots returned by the extended receipt deadline.

(2) In the event that local election officials receive more than one ballot from a single qualified voter, defendants Alabama and Chapman will ensure any conflicts are resolved by counting the "official state ballot."

(3) Upon entry of this order, defendants Alabama and Chapman shall provide notice as follows:

(a) Defendants Alabama and Chapman shall take all steps necessary to ensure that any affected UOCAVA voters for whom State or local election officials have electronic mail contact information are contacted by electronic mail to notify those voters that if they have not yet received their ballots, then they may choose to

receive by telefacsimile, electronic mail, or in an electronic, downloadable Portable Document Format (.pdf) through the State's ballot delivery wizard, instead of by postal mail.  If the State or local election officials lack electronic mail contact information for affected voters, but do have telefacsimile contact information for such voters, defendants Alabama and Chapman shall ensure that the notification required by this paragraph is provided by telefacsimile.  Said electronic mail or telefacsimile communication with these voters shall explain the terms of this Order.  Said communication shall also provide these voters with instructions on how to electronically access, download, and print their ballots through the State's online ballot delivery wizard if the voter so chooses.  Said communications shall be made no later than two business days after entry of this Order.

    (b) Defendants Alabama and Chapman shall notify the Director of the Federal Voting Assistance Program of the

United States Department of Defense ("FVAP") and request assistance in notifying military and other eligible voters of the relief afforded in this Order, and coordinate with the FVAP as necessary to facilitate such notice.

(c) Defendants Alabama and Chapman shall take the following steps to endeavor to give affected voters general notice of the contents of this Order: issue a press statement for immediate release, posted immediately on the State's election information website, and distributed as broadly and immediately as practicable to national and local wire services, to radio and television broadcast stations, and to daily newspapers of general circulation in the State--including the Montgomery Advertiser, the Birmingham News, the Huntsville Times, the Anniston Star, the Army Flyer at Fort Rucker, and the Maxwell Gunter Dispatch.  The release shall also be distributed to the FVAP, the International Herald Tribune (http://www.iht.com),  USA  Today  International

(http://www.usatoday.com), the Military Times Media Group (cvinch@militarytimes.com), Stars and Stripes (www.estripes.com), and the Overseas Vote Foundation (http://www.overseasvotefoundation.org/intro/).

The news release shall, at a minimum: (a) summarize this Order, including an explanation that the deadline for receipt of the ballot has been extended to March 31, 2012; (b) identify the contests for federal office that will be on the ballot on March 13, 2012; (c) notify UOCAVA voters that they may choose to receive their ballots for the March 13, 2012 federal primary election by telefacsimile, electronic mail, or in an electronic, downloadable Portable Document Format (.pdf) through the State's ballot delivery wizard, instead of by postal mail; and (d) provide appropriate contact information at the Alabama Secretary of State's office for assistance. Defendants Alabama and Chapman shall also prepare and distribute written public service announcements describing this Order for broadcast on radio and

television networks, including but not limited to the media described above.

(4) Defendants Alabama and Chapman shall file a report with this court no later than April 13, 2012, concerning the number of UOCAVA absentee ballots, by county, received and counted for the March 13, 2012 federal primary election. The report will set forth the following information by county as further categorized by absent uniformed services voters with APO/FPO addresses or non-US street addresses; uniformed services voters at a street address within the US; and overseas civilian voters:

> a. The number of absentee ballots from UOCAVA voters received by local election officials before the close of business on March 13, 2012, and counted;
>
> b. The number of absentee ballots from UOCAVA voters received and counted after the close

       of business on March 13, 2012, but prior to the close of business on March 31, 2012;

   c.   The number of absentee ballots from UOCAVA voters received later than the close of business on March 31, 2012; and

   d.   The number of absentee ballots from UOCAVA voters that were not counted in the March 13, 2012 primary election, for reasons other than late receipt, and the reasons such ballots were not counted.

(5) To ensure that Alabama's UOCAVA voters are provided sufficient time to vote in accordance with UOCAVA for the scheduled April 24, 2012 federal primary runoff election, should one be necessary, defendants Alabama and Chapman shall transmit no later than March 10, 2012, a blank federal write-in ballot, candidate list, and instructions for ballot completion and return, to all UOCAVA voters who are registered in congressional districts in which a primary runoff election could be

required and who have requested UOCAVA ballots for the 2012 federal primary election.  Defendants Alabama and Chapman shall provide all UOCAVA voters from those districts with detailed explanations as to why they are receiving blank ballots, the date upon which the official ballot will be available, an appropriate internet address or addresses from which an official ballot may be downloaded, and an international toll-free phone number to permit UOCAVA voters to address any questions they may have that pertain to the State's UOCAVA violations, its remedial efforts, or for other UOCAVA voting procedures.  Once an official ballot is certified and available for transmission, defendants Alabama and Chapman shall ensure that an official ballot is also transmitted to voters, along with an explanation of the requirements of this Order, including ballot postmarking and receipt deadlines, and an explanation of the State's ballot counting procedures if more than one ballot is returned for counting.  In the event that local election officials

receive more than one ballot back from a single qualified voter in the April 24, 2012 federal primary runoff election, defendants Alabama and Chapman will ensure that any conflicts are resolved by counting the "official state ballot."

(6) To ensure Alabama's compliance with UOCAVA for the remaining 2012 federal elections, defendants Alabama and Chapman shall do the following:

(a) Defendants Alabama and Chapman meet and confer with counsel for the United States 14 days prior and, again, 7 days prior to each remaining federal election in 2012 to provide the United States with a status update concerning defendants Alabama and Chapman's efforts to ensure UOCAVA compliance and the effectiveness of those efforts.

(b) To further ensure Alabama's compliance with UOCAVA for the remaining 2012 federal elections, defendants Alabama and Chapman shall gather the following

information and report it to this court and counsel of record for the United States:

    i.    Beginning the 55th day prior to each federal election, survey each Alabama county to determine: (1) whether each county has received a sufficient number of printed absentee ballots sufficiently ahead of the 45-day mailing deadline to transmit those ballots as required by UOCAVA; (2) whether each county has the technical capacity to transmit all requested ballots by the requested method of transmission; (3) whether any county anticipates difficulties or a situation that would prevent it from transmitting all requested ballots to UOCAVA voters by the requested method of transmission and by the appropriate deadline; and (4) whether it would be appropriate for defendants Alabama and

        Chapman to provide additional support to any county to ensure that it meets the appropriate deadlines. Where additional support to the counties is appropriate, defendants Alabama and Chapman shall provide it. Defendants Alabama and Chapman shall provide the results of their survey to the court and counsel for the United States in a format agreed to by the parties no later than 5:00 pm Central time on the 48th day before each federal election.

ii.    By the 45th day prior to each federal election, obtain written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each county on or before the 45th day before each federal election from any voter entitled to vote pursuant to UOCAVA and the method of

transmission requested; (2) the date on which the county began sending absentee ballots to those UOCAVA voters; (3) the date on which and method of transmission by which the county completed sending those absentee ballots; and (4) an affirmative declaration that all UOCAVA ballots requested by the 45th day were transmitted by the 45th day by the requested method of transmission.

iii. Compile the data provided by the counties described in paragraph (6)(b)(i) above into a spreadsheet format devised in consultation with the United States and file it with the court and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 pm Central time on the 43rd day before each federal election.

iv. Certify in writing to the court and counsel for the United States that all of the data

                reported pursuant to paragraph (6)(b)(i) is accurate to the best of their knowledge.

v.      Obtain written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each county after the 45th day and on or before the 30th day before each federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; and (2) the date on which and method of transmission by which the county sent the requested ballots; and (3) an affirmative declaration that all UOCAVA ballots requested after the 45th day and on or before the 30th day were transmitted promptly by the requested method of transmission.

vi.     Compile the data provided by the counties described in paragraph (6)(b)(v) above into a spreadsheet format devised in consultation

        with the United States and file it with the court and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 pm Central time on the 29th day before each federal election.

vii.    Certify in writing to the court and counsel for the United States that all of the data reported pursuant to paragraph (6)(b)(v) is accurate to the best of their knowledge.

(7) This court shall retain jurisdiction to ensure additional relief as appropriate, including any discovery necessary to help determine appropriate measures to ensure defendants Alabama and Chapman's compliance with UOCAVA in future federal election cycles.

DONE, this the 7th day of March, 2012.

                        /s/ Myron H. Thompson  
                      UNITED STATES DISTRICT JUDGE