**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:12-cv-179-MHT-WC |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE OF ALABAMA and | ) | |
| BETH CHAPMAN, | ) | |
| SECRETARY OF STATE | ) | |
| OF ALABAMA, in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO THE COURT'S MARCH 12, 2012 ORDER**

The United States respectfully responds to the Court's March 12, 2012 Order directing

the United States to show cause why the Court's February 28, 2012 Order granting injunctive

relief is still necessary, in light of the Court's March 7, 2012 Preliminary Injunction. It is the

United States' view that the Court's February 28, 2012 Order has been superseded by its March

7, 2012 preliminary injunction Order. Moreover, the few obligations imposed by the February

28, 2012 Order have been fulfilled. Accordingly, the Defendants' pending motion to dissolve

the February 28, 2012 Order should be denied as moot.

**I.      BACKGROUND**

The United States filed this action on February 24, 2012, to remedy violations of the

Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. §§

1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act,

("MOVE Act"), Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009).

The Complaint alleged that the State of Alabama and its Secretary of State ("Defendants") failed

to ensure the transmission of numerous absentee ballots for overseas and military voters at least

45 days prior to the State's March 13, 2012 Federal primary election, as required by UOCAVA.

Prior to the filing of the Complaint, Defendant Chapman had publicly acknowledged late ballot

transmissions and, as a remedy, extended the State's UOCAVA ballot receipt deadline by eight

days.  At the time the United States filed the Complaint, however, the full extent of the

violation—and the sufficiency of Defendant Chapman's intended remedy—was unknown

because Alabama refused to provide the United States any information concerning affected

ballots.

On February 27, 2012, the United States moved for a temporary restraining order and a

preliminary injunction to remedy imminent disenfranchisement of Alabama's UOCAVA voters

caused by the late ballot transmissions.  Pl. Mot. for Temp. Rest. Ord. and Prel. Inj., ECF No. 5.

At that early stage, the United States sought information from Alabama to determine the full

extent of the injury and to identify the precise remedial action needed.

On February 28, 2012, this Court held an on-the-record conference with counsel.  During

the call, Defendants admitted that UOCAVA ballots were not timely transmitted as required by

UOCAVA.  Following this conference, the Court found that the United States established each

factor required for preliminary relief, and later that day entered a temporary restraining order and

preliminary injunction.  ECF No. 8, at 4.  The Court's February 28 order required that (1)

Defendants provide the United States and the Court a detailed, county-specific report concerning

UOCAVA ballot transmissions within two days of the Order's issuance; (2) the parties confer as

to appropriate next steps within three days of the Order's issuance; and (3) the parties file a

2

report recommending any further relief within four days of the Order's issuance. *Id*. at 9-11. In granting this relief, the Court noted that the relief sought by the United States at that time was needed to enable the parties and the court to craft relief "as complete as practicable for the State of Alabama's alleged violations." *Id.* at 8.

The parties complied with that Order. Defendants provided the data specified in the Order. *See* ECF Nos. 10, 12-14. On March 2, 2012, the parties conferred as to additional relief necessary in this case. Unable to agree, the parties filed separate recommendations to the Court on March 3, 2012. Based on evidence the Defendants provided pursuant to the February 28, 2012 Order, the United States' March 3 filing recommended that the Court order additional preliminary injunctive relief to protect UOCAVA voters during the 2012 Federal election cycle. ECF No. 15. Defendants' March 3 filing opposed further relief and included a motion to dissolve the Court's February 28, 2012 Order. ECF No. 14.

The Court conferred with the parties on March 5, 2012. On March 7, 2012, the Court entered an order granting a preliminary injunction against the Defendants, ECF No. 23; its formal opinion explaining its reasons for entering that injunction issued on March 12, 2012, ECF No. 21. At that time, Defendants' March 3, 2012 motion to dissolve the Court's February 28, 2012 Order remained pending. Accordingly, on March 12, 2012, the Court also directed the United States to show cause why the Court's February 28, 2012 Order was still necessary, in light of the subsequent preliminary injunction Order entered on March 7, 2012. ECF No. 24.

II.    **ARGUMENT**

   A. **Defendants' Motion To Dissolve Is Moot Because the Court's March 7, 2012 Order Superseded its Limited February 28, 2012 Order.**

At this time, the Court's March 7, 2012 preliminary injunction supersedes the February 28, 2012 Order as the operative order in the case.  Accordingly, Defendants' motion to dissolve the Court's February 28, 2012 Order should be denied as moot.

As a general matter, where a temporary restraining order is superseded by the issuance of a preliminary injunction, a motion seeking relief from the temporary restraining order becomes moot.  *See Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010); *Glen-Arden Commodities, Inc. v. Costantino*, 493 F.2d 1027, 1030 (2d Cir. 1974) ("[I]nasmuch as the [district] court has now rendered its decision on the preliminary injunction, the temporary restraining orders, whether valid or not when entered, have now lapsed and any decision on them would be moot.").

Here, the relief ordered in Court's February 28, 2012 Order formed, in part, the basis for the Court's subsequent March 7, 2012 preliminary injunction Order.  The county-level ballot transmittal data submitted by Defendants provided further evidentiary support for the Court's finding that UOCAVA had been violated, and clarified the scope and severity of the violation that enabled the Court to subsequently enter appropriate emergency relief, embodied in the March 7, 2012 Order.  Entry of the March 7, 2012 Order superseded the February 28, 2012 Order, and thus Defendants' motion for relief from the February 28, 2012 Order became moot.

**B. Defendants Have No Basis for Seeking Dissolution of the February 28, 2012 Order as it Imposes No Remaining Burden on Them.**

Additionally, Defendants' pending motion is moot because the Court's February 28, 2012 Order has been fully satisfied and imposes no further requirements on them.  While that Order found that the United States had established each factor justifying injunctive relief, the relief ordered merely imposed limited reporting, filing, and meet-and-confer requirements upon the parties.  The Order further required the parties to comply with the Order's terms within four days

of its issuance.  The parties fulfilled all obligations imposed by that Order as of March 3, 2012.

Accordingly, the February 28, 2012 Order imposes no remaining obligations upon either the

United States or Defendants, and Defendants have no remaining basis for seeking relief from that

Order.

## III.    CONCLUSION

For the forgoing reasons, the Court's February 28, 2012 temporary restraining order has

been superseded and Defendants' motion to dissolve the Court's February 28, 2012 Order should

be denied as moot.


Date:  March 23, 2012                                                    Respectfully submitted,


GEORGE L. BECK, JR.                                                     THOMAS E. PEREZ
United States Attorney                                                   Assistant Attorney General
Middle District of Alabama                                              Civil Rights Division


                                                                         */s/ T. Russell Nobile*
STEPHEN M. DOYLE                                                        T. CHRISTIAN HERREN JR.
Assistant United States Attorney                                        RICHARD DELLHEIM
131 Clayton Street                                                      T. RUSSELL NOBILE
Montgomery, AL 36104                                                    RISA BERKOWER
Phone: (334) 223-7280                                                   Attorneys, Voting Section
Fax: (334) 223-7418                                                     Civil Rights Division
                                                                         U.S. Department of Justice
                                                                         950 Pennsylvania Avenue, N.W.
                                                                         NWB - 7122
                                                                         Washington, D.C. 20530
                                                                         Telephone:  (202) 307-1190
                                                                         Facsimile:   (202) 307-3961
                                                                         t.russell.nobile@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:12-cv-179-MHT-WC |
| v. | ) | |
| | ) | |
| THE STATE OF ALABAMA and | ) | |
| BETH CHAPMAN, | ) | |
| SECRETARY OF STATE | ) | |
| OF ALABAMA, in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 23, 2012, a copy of the forgoing Response to Order to Show Cause and all accompanying documents, including exhibits and proposed order, were filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for the Defendants.

    Misty S. Fairbanks
    James W. Davis
    Assistant Attorney General
    Constitutional Defense Division
    Office of the Attorney General
    501 Washington Avenue
    Post Office Box 300152
    Montgomery, Alabama 36130-0152
    Telephone: 334.353.8674
    Facsimile: 334.353.8440
    mfairbanks@ago.state.al.us
    jimdavis@ago.state.al.us

Date:  March 23, 2012                           */s/ T. Russell Nobile*
                                                    T. RUSSELL NOBILE