# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:12-cv-00179-MHT-WC |
| STATE OF ALABAMA and ) | |
| HONORABLE BETH CHAPMAN, ) | |
| Secretary of State, in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## UNOPPOSED MOTION TO MODIFY
## THE PRELIMINARY INJUNCTION (Doc. 21)

The State Defendants, the State of Alabama and the Honorable Beth Chapman, sued in her official capacity as Secretary of State of Alabama, hereby respectfully request modification of paragraph (6) of the Court's preliminary injunction. Specifically, the State Defendants request (i) two modest deadline extensions where the original deadlines, due to weekends and holidays, are impractical; (ii) the elimination of one deadline for the State Defendants' receipt of information from local election officials; and (iii) the correction of what appears to be a clerical error.

1

1.      The State Defendants have consulted with the United States about this motion. The United States does not object to the modifications requested.

2.      On March 7, 2012, this Court entered a preliminary injunction that, in paragraph (6), requires that the State Defendants to take a number of actions leading up to the November 6, 2012 General Election. Doc. 21 at 11-16. Consistent with the proposed order offered by the United States, doc. 15-1, the order speaks in terms of days in advance of the election. Calculating those dates and comparing them to a calendar reveals that some of those deadlines are not practical, and that more time should be built into the calendar to allow the State an adequate opportunity to request the information from local election officials and report it to the Court.

3.      Paragraph (6)(b)(ii) provides:

By the 45th day prior to each federal election [Saturday, September 22, 2012], obtain written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each county on or before the 45th day before each federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; (2) the date on which the county began sending absentee ballots to those UOCAVA voters; (3) the date on which and method of transmission by which the county completed sending those absentee ballots; and (4) an affirmative declaration that all UOCAVA ballots requested by the 45th day were transmitted by the 45th day by the requested method of transmission.

And, paragraph (6)(b)(iii) provides:

> Compile the data provided by the counties described in paragraph (6)(b)(i)[1] above into a spreadsheet format devised in consultation with the United States and file it with the court and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 pm Central time on the 43rd day before each federal election [Monday, September 24, 2012].

Paragraph (6)(b)(iv) then requires the State Defendants to "[c]ertify in writing to the court and counsel for the United States that all of the data reported pursuant to paragraph (6)(b)(i)[2] is accurate to the best of their knowledge."[3]

4. In short, paragraphs (6)(b)(ii) and (6)(b)(iii) require the State Defendants to request information from 68 local election officials about the state of affairs after the close of business on a Saturday and to report the information by the following Monday—a single business day later.

5. The State Defendants respectfully request that the preliminary injunction be modified (1) to eliminate the deadline for the local election officials to report to the State Defendants and (2) that the State Defendants be given three business days to collect the information from the local election officials and report it to the Court. As amended, paragraphs (6)(b)(ii) and (6)(b)(iii) would provide:

---

[1] The State Defendants believe that this reference should have been to Paragraph (6)(b)(ii).

[2] The State Defendants believe that this reference should have been to Paragraph (6)(b)(ii).

[3] The State Defendants do not expect to have first-hand knowledge of the facts reported by the 68 local election officials in Alabama's 67 counties and the Bessemer Cutoff. Those election officials are on the ground receiving and responding to the UOCAVA ballot requests and otherwise working to make the election process smooth. The State Defendants can do no more than certify that they are in fact presenting the information provided to them by local officials.

~~By the 45th day prior to each federal election, obtain~~ <u>Obtain</u> written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each county on or before the 45th day before each federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; (2) the date on which the county began sending absentee ballots to those UOCAVA voters; (3) the date on which and method of transmission by which the county completed sending those absentee ballots; and (4) an affirmative declaration that all UOCAVA ballots requested by the 45th day were transmitted by the 45th day by the requested method of transmission.

Compile the data provided by the counties described in paragraph ~~(6)(b)(i)~~ <u>(6)(b)(ii)</u> above into a spreadsheet format devised in consultation with the United States and file it with the court and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 pm Central time on the ~~43rd~~ <u>41st</u> day before each federal election [Wednesday, September 26, 2012].

Paragraph (6)(b)(iv), like paragraph (6)(b)(ii), above, should also be amended to correct the reference to (6)(b)(i) noted in the margin.

6. Paragraphs 6(b)(v), (6)(b)(vi), and (6)(b)(vii) are like the three paragraphs just discussed in that they require the State Defendants gather certain information from the local election officials, compile that information for filing with the court, and certify the same. These provisions require the collection and reporting of data concerning UOCAVA ballot requests received between the 45th and 30th days before the election. Looking to the General Election calendar, that timeframe is between Saturday, September 22, 2012 and Sunday, October 7, 2012. Then, the data which is not final until Sunday, October 7, 2012, is to be reported to the Court the very next day: "no later than 5:00 p.m. Central time on the 29th day

before" the General Election, *see* ¶ 6(b)(vi), *i.e.* Monday, October 8, 2012.  That means that the State Defendants again have one business day to collect data from the 68 local election officials and report it to the court.  And, that one day is Columbus Day—a federal and State holiday.

7. The State Defendants respectfully request that the preliminary injunction be modified to allow them three business days to collect the data and report it to the court.  As so amended, paragraph (6)(b)(vi) would read:

> Compile the data provided by the counties described in paragraph (6)(b)(v) above into a spreadsheet format devised in consultation with the United States and file it with the court and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 pm Central time on the ~~29th~~ 26th day before each federal election [Thursday, October 11, 2012].

8. These modifications are respectfully requested without waiving any objections to the preliminary injunction or the nature of the relief the Court provided.  Those issues are for another day.  It is the timing matters as to which the State Defendants have a true and practical need for relief, and it is these matters which the State Defendants respectfully press.

Respectfully submitted,

LUTHER STRANGE (ASB-0036-G42L)
*Attorney General*

BY:

s/ James W. Davis
James W. Davis  (ASB-4063-I58J)
Misty S. Fairbanks Messick  (ASB-1813-T71F)
*Assistant Attorneys General*

**OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36130
Telephone:   (334) 242-7300
Facsimile:    (334) 353-8440
jimdavis@ago.state.al.us
mmessick@ago.state.al.us

*Attorneys for the State Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of August, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record: Stephen M. Doyle, T. Russell Nobile, T. Christian Herren, Jr., Richard Dellheim, Risa Berkower, and Spencer R. Fisher.

s/ James W. Davis
Of Counsel