IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STATE OF ALABAMA and JIM | ) |
| BENNETT, SECRETARY OF STATE OF | ) |
| ALABAMA, in his official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No. 2:12-cv-179-MHT-WC

**REMEDIAL ORDER**

Plaintiff United States of America ("United States") initiated this action against the State of Alabama and the Alabama Secretary of State (collectively, the "State") to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. § 1973ff *et seq*., as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"), and specifically the 45-day advance ballot transmission requirement of  42 U.S.C. § 1973ff-1(a)(8)(A) .

The parties share the goal of providing UOCAVA voters with a sufficient opportunity to participate in all elections for Federal office.  The parties have negotiated in good faith and, with the exception of the United States' claim addressing Alabama's administration of Federal primary runoff elections, hereby agree to the entry of this Remedial Order as an appropriate resolution of the UOCAVA violations alleged by the United States.  This Remedial Order requires certain administrative changes that will expire December 31, 2016, and will make

certain changes to Alabama election law that will remain in effect until otherwise ordered. The United States and the State stipulate and agree that:

1.    The Attorney General brought this action on behalf of the United States pursuant to UOCAVA, as amended by the MOVE Act.  42 U.S.C. §1973ff-4(a).

2.    UOCAVA provides that absent uniformed services voters and overseas voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office . . . ."  42 U.S.C. § 1973ff-1(a)(1).

3.    Unless a hardship waiver is obtained, UOCAVA requires States to transmit validly-requested ballots to any UOCAVA voter when "the request is received at least 45 days before an election for Federal office, not later than 45 days before the election."  42 U.S.C. § 1973ff-1(a)(8)(A).[1]

4.    The State was unable to comply with UOCAVA's 45-day advance mail and electronic transmission requirement during the November 2, 2010 Federal general election, the March 13, 2012 Federal primary election, and the November 6, 2012 Federal general election.

5.    The next regularly scheduled Federal election in Alabama is the June 3, 2014 Federal primary election.

6.    Based on the foregoing, the parties agree that this Court has jurisdiction over the issues resolved in this Remedial Order and that the relief ordered herein is appropriate.  *See* 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

7.    The parties agree that the State will be in a better position to meet its obligations under UOCAVA if changes are made to: 1) the State's election calendar; 2) the State's oversight

---

[1] The parties disagree regarding the applicability of UOCAVA's 45-day advance ballot transmission mandate to Federal runoff elections.  That issue is pending before the Court.  This Remedial Order does not address the Federal runoff election issue.

of local election officials who are delegated UOCAVA responsibilities; 3) the training of local election officials; and 4) the electronic ballot transmission system.

8.      The Attorney General is authorized to enforce UOCAVA, 42 U.S.C. §1973ff-4(a), and has brought this enforcement action to ensure that Alabama's UOCAVA voters will have sufficient opportunity to receive absentee ballots they have requested and to submit marked absentee ballots in time to be counted for all future Federal elections in the State.

9.      Defendant State of Alabama is responsible for complying with UOCAVA, and ensuring that absentee ballots are sent to UOCAVA voters in accordance with its terms.  42 U.S.C. § 1973ff-1.

10.      Defendant Secretary of State Jim Bennett is the chief elections official in Alabama. Ala. Code § 17-1-3.  The principal office of the Secretary of State's Elections Division is in Montgomery, Alabama.

WHEREFORE, the parties having freely given their consent, and the terms of this Remedial Order being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, AND DECREED that:

## I.      ALABAMA'S ELECTION CALENDAR AND STATUTORY REQUIREMENTS

Beginning with the 2014 Federal election cycle, the following deadlines and requirements shall be, and shall remain, in effect unless and until they are superseded by a subsequent Court order:

1. Candidate Certification Deadlines

- Notwithstanding the provisions of Ala. Code § 17-6-21, nominations and/or amendments to candidate certifications in Federal primary or general elections must be finalized no later than 76 days prior to the election.

3

- Notwithstanding the provisions of Ala. Code § 17-9-3, the Secretary of State must certify independent candidates and candidates of minor parties not later than 74 days before the general election.

2. <u>Candidate Withdrawal Notification and Re-Nomination Deadlines</u>

- Notwithstanding the provisions of Ala. Code § 17-13-5,  a) candidates must file their declarations with the State or county party chairman no later than 5:00 P.M. on the 116th day before the date of the primary election; b) State or county party chairmen must certify primary candidates 82 days before the primary election; and c) the Secretary of State must certify to each county's probate judge the names of the opposed candidates for nomination 74 days prior to the date of the primary election.

- Notwithstanding the provisions of Ala. Code § 17-13-23, vacancies in nominations must be filled by the State or county executive committees not later than 76 days before an election.

3. <u>Election Contest Deadlines</u>

- Notwithstanding the provisions of Ala. Code § 17-13-82, a) a losing candidate in an election contest can appeal to his or her State executive committee within two business days after determination of such contest by the county executive committee and b) the State executive committee must hear this appeal within five calendar days.

- Notwithstanding the provisions of Ala. Code § 17-13-85, State executive committees or appointed subcommittees must hear direct election contests within five calendar days of the filing of such contests.

- Notwithstanding the provisions of Ala. Code § 17-13-86, a) State or county executive committees must decide contests for county elections not later than 90 days before the

4

general election and b) the State executive committee must decide contests for a State office not later than 83 days before the general election.

- Notwithstanding the provisions of Ala. Code § 17-13-81, county executive committees must hear election contests not more than five calendar days from the filing of such contests.

- Notwithstanding the provisions of Ala. Code § 17-13-18, the Secretary of State must certify to the probate judge of any county where a primary runoff election is to be held the name or names of the candidates certified by the chair of the state executive committee within two business days of the date the certificate is received by the Secretary of State from the chair of the state executive committee.

- Notwithstanding the provisions of Ala. Code § 17-13-22,  the Secretary of State must certify to each county's probate judge the lists of party nominees and each independent candidate not later than 74 days before the general election.

4. Materials Distribution Deadline

- Notwithstanding the provisions of Ala. Code § 17-11-12, the delivery of absentee ballots, envelopes, and supplies to the absentee election managers must occur not less than 55 days prior to the holding of a Federal primary election or Federal general election.

5. Extension of UOCAVA Ballot Receipt Deadline

- Notwithstanding the provisions of Ala. Code § 17-11-18, the deadline for receipt of UOCAVA ballots in Federal primary elections or Federal general elections is noon on the seventh day following the election, where such UOCAVA ballots are postmarked

by the day of the Federal primary or general election and otherwise meet the

requirements for absentee ballots.

The State shall notify the appropriate election officials and party officials of these

changes, and shall widely publicize the deadlines for candidate certification and withdrawal.

If the State enacts legislation addressing the matters contained within this Section (for

example, HB 62 / SB 90, which the Court understands is being considered during the 2014

legislative session), the State shall notify counsel for the United States of the legislation.

Thereafter, the parties shall confer as to the effect, if any, of the legislation on the terms of this

Order.  If either party believes that it is appropriate to notify the Court of the legislation or move

for any sort of relief from this Order, the party shall timely do so, and the other party shall have

an opportunity to respond.

## II.     ABSENTEE ELECTION MANAGER     TRAINING SESSIONS

Prior to each Federal election cycle, the State shall use reasonable efforts to train county

Absentee Election Managers ("AEMs"), and/or their designee(s), on UOCAVA requirements,

including UOCAVA's 45-day advance ballot transmission requirement.

Reasonable efforts shall include, but will not be limited, to the following:

1. At least three regional training sessions shall occur at least 60 days and no more than
   90 days prior to the date of any Federal primary election.  The training sessions shall
   be spread geographically throughout the State.

2. At least one training session at a place of the Secretary of State's choosing shall occur
   at least 60 days and no more than 90 days prior to the date of any Federal general
   election.

3. Advance notice of all training sessions pursuant to Section II of this Remedial Order shall be provided to AEMs, and/or their designees, at least 14 days prior to the training session date.  Such notice shall state that it is vital and necessary for AEMs, and/or their designees, to attend at least one training session per election year to ensure compliance with Federal law.

4. Training sessions shall provide instructions on the provisions of this Remedial Order, including monitoring and reporting requirements in Section V.

5. Training sessions shall provide instructions regarding provisions of Alabama law governing voting by UOCAVA voters including the requirements in Section I.

6. Training sessions shall include hands-on computer-based instruction for attendees on the State's electronic ballot transmission system that will be in use during that Federal election cycle.

7. At least seven calendar days prior to any scheduled training session, the State shall provide copies of all written training materials to counsel for the United States, but if the materials are substantively the same for all the regional training sessions then they need be provided only once per Federal election cycle.

8. The State shall maintain attendance rosters, including the time and location of all training sessions, and the training materials involved with such training.

9. Copies of all written training materials shall be distributed to all AEMs no later than 55 days prior to any Federal primary or Federal general election.

## III.  APPOINTMENT AND RESPONSIBILITIES OF STATE UOCAVA COORDINATOR

Within 60 days of the entry of this Remedial Order, the Secretary of State shall designate a State UOCAVA Coordinator who will oversee, coordinate, and serve as the State's primary

point of contact for the State's UOCAVA Program.  The Secretary of State will add performance of UOCAVA duties, including accomplishment of the requirements specified below, as part of the formal evaluation of this employee's job performance.  In the event of a vacancy in the State UOCAVA Coordinator position during a year in which regularly scheduled Federal elections are held, the State will promptly notify the United States of the vacancy and will fill such a vacancy within 60 days of the date on which such a vacancy occurs.  Any vacancy in the State UOCAVA Coordinator position will not relieve the State of its obligations pursuant to this Remedial Order and UOCAVA during the time of the vacancy.

The responsibilities of the State UOCAVA Coordinator shall include, but will not be limited to, the following:

1. The State UOCAVA Coordinator, or his or her designee, shall serve as the point of contact in the Alabama Secretary of State's office responsible for providing information to UOCAVA voters regarding voter registration procedures and absentee ballot procedures with respect to elections for Federal office.

2. The State UOCAVA Coordinator, or his or her designee, shall serve as a point of contact for any questions, technical assistance, and other UOCAVA-related inquiries from AEMs, and/or their designees, and other local election officials.

3. The State UOCAVA Coordinator, or his or her designee, shall survey all AEMs to provide complete data for the reporting and monitoring requirements of this Remedial Order as set forth in Section V.  The State UOCAVA Coordinator shall review survey results in a timely manner to assess any implementation deficiencies and determine appropriate corrective measures.  Where any deficiencies are found, and to the extent

practicable, the State UOCAVA Coordinator, or his or her designee, shall remedy or otherwise address them through additional training efforts or by other means.

4. The State UOCAVA Coordinator, or his or her designee, shall survey AEMs, or their designees, who attend training sessions on the effectiveness of that training and consider these responses when planning future training sessions and preparing training materials to be used in those sessions.  As needed, the State UOCAVA Coordinator, or his or her designee, shall conduct individualized follow up in person, by telephone, or by e-mail with AEMs, or their designees, who express questions or concerns regarding the effectiveness of training sessions.

5. The State UOCAVA Coordinator, or his or her designee, shall prepare training materials for all training sessions and attend and oversee all training sessions offered pursuant to Section II.

6. The State UOCAVA Coordinator, or his or her designee, shall take reasonable and practicable steps to ensure that the State's electronic ballot transmission system vendor adheres to the requirements of Section IV.

IV.  **UOCAVA ELECTRONIC BALLOT TRANSMISSION SYSTEM**

UOCAVA requires that States establish procedures for at least one method of electronic transmission of blank absentee ballots to UOCAVA voters who request electronic transmission of their ballots.  42 U.S.C. § 1973ff-l(f)(1).  The State shall ensure to the extent practicable that any future contract for an electronic ballot transmission system between Alabama and a third party vendor will include, but will not be limited to, the following provisions:

1. A requirement that any electronic ballot transmission system be fully operational not later than 55 days before any Federal primary or general election.  Notice will be

provided to counsel for the United States as set out in the reporting and monitoring requirements in Section V.

2. A requirement that a copy of any notification email providing a UOCAVA voter with electronic access to his or her ballot will be sent contemporaneously via email to the State UOCAVA Coordinator, or his or her designee, and the relevant AEM, or his or her designee.

3. A requirement that any electronic ballot transmission system allow the State UOCAVA Coordinator, or his or her designee, and the relevant AEM, or his or her designee, to receive notice if a notification email to a UOCAVA voter containing UOCAVA ballot information fails to be delivered.

4. A requirement that the electronic system provide protection against common data entry mistakes—such as character entry error in @ or .com or .gov in email addresses, or failing to check the box for electronic transmission—in a manner that ensures users are notified of the errors in real-time so such errors can be corrected.

## V.   REPORTING AND MONITORING FOR 2014 AND 2016 FEDERAL ELECTIONS

For the regularly scheduled Federal primary elections and the regularly scheduled Federal general elections in 2014 and 2016, counsel for the United States and the State will confer at least once 14 to 7 days prior to each election to discuss the State's efforts to ensure UOCAVA compliance and the effectiveness of those efforts.

Because UOCAVA enforcement depends on timely and accurate information about the extent of UOCAVA compliance, the State shall adopt the following procedures designed to determine statewide UOCAVA compliance and shall gather the following information and report it to this Court or counsel of record for the United States as specified below:

1. Beginning the 55th day prior to each Federal primary election and each Federal general election, the State shall survey each Alabama county to determine: (1) whether each county has received a sufficient number of printed absentee ballots sufficiently ahead of the 45-day mailing deadline to transmit those ballots as required by UOCAVA; (2) whether each county has the technical capacity to transmit all requested ballots by the requested method of transmission; and (3) whether any county anticipates any circumstances that would prevent it from transmitting all requested ballots to UOCAVA voters by the requested method of transmission and by the appropriate deadline.  Based on the results of this survey, the State will determine whether providing additional support to any county will ensure that it meets UOCAVA's deadlines.  The State shall provide the results of their survey to counsel for the United States in a format agreed to by the parties no later than the 48th day before the election.  Included with the results of this survey, the State also will certify that the electronic ballot transmission system is fully operational in accordance with Section IV, or, if it is not, explain what problems remain and what is being done to bring the system online.

2. For each Federal primary election and each Federal general election, the State shall use reasonable efforts to obtain from each county written or electronic certification, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received from UOCAVA voters by each county on or before the 45th day before the Federal election, indicating the method of transmission requested; (2) the date on which the county began sending absentee ballots to those UOCAVA voters, by each method of transmission; (3) the date on which the county completed sending those

absentee ballots, by each method of transmission; (4) the number of absentee ballots transmitted to UOCAVA voters by the 45th day before each Federal election, indicating the method of transmission of those ballots; and (5) an affirmative declaration that all UOCAVA ballots requested by the 45th day before each Federal election were transmitted by the 45th day by the requested method of transmission, or an explanation of why such an affirmative declaration is not possible.  All certifications shall be provided to counsel for the United States by the 43rd day before the election.  By the 41st day before the Federal election, the State shall report to the Court any county that fails to provide the requested information.  In addition to the certifications, the State shall compile the data provided by the counties described in this paragraph into a spreadsheet format devised in consultation with the United States and file both the individual county certifications and spreadsheet electronically with the Court by the 41st day before each Federal election.

3. Any reporting formats previously used and agreed to by the parties can be used without further consultation.

In the event of a UOCAVA violation, the State shall investigate the cause of the violation, consult with the United States, determine an appropriate remedy, and report the same to the Court.  The United States shall file its response to that report, if any, within three business days.

## VI.   SPECIAL ELECTIONS

In the event a special Federal election is held in 2014, 2015, or 2016, the United States and the State shall confer about UOCAVA compliance, including appropriate reporting

requirements.  The parties agree that some reporting will be appropriate, but they will need to confer about the timing and content of that reporting.

## VII.   RECORDS RETENTION

The Secretary of State shall maintain written records of all actions taken pursuant to this Remedial Order sufficient to document compliance with its terms.  Such records shall be made available to the United States within 14 days of receipt of such a request, subject to objections governing requests for documents under the Federal Rules of Civil Procedure.

## VIII.   JURISDICTION AND DURATION

The remedies prescribed in Section I of this Remedial Order shall remain in effect until otherwise ordered.  The remedies prescribed in Sections II, III, IV, V, VI, VII, VIII, and IX of this Remedial Order will expire on December 31, 2016.

The Court shall retain jurisdiction over this action to enter such further relief as may be necessary to effectuate the terms of this Remedial Order until December 31, 2016.  For good cause shown, any party may move to amend the Remedial Order.

## IX.   ADDITIONAL REQUIREMENTS

The State shall take all reasonable legal and practicable steps to ensure that AEMs, local election officials, and all other responsible persons and entities with election-related duties perform all acts necessary to meet all requirements and deadlines set out in this Remedial Order.

The State shall provide a copy of this Court's Order to all Alabama Probate Judges, Absentee Election Managers and County Boards of Registrars, as well as to the State and county leadership of political parties participating in the primary elections.

The undersigned agree to entry of this Remedial Order on January 14, 2014:


JOCELYN SAMUELS                         LUTHER STRANGE
Acting Assistant Attorney General       Alabama Attorney General
Civil Rights Division


T. CHRISTIAN HERREN, JR.                JAMES W. DAVIS
RICHARD DELLHEIM                        MISTY S. FAIRBANKS MESSICK
ERNEST A. McFARLAND                     Assistant Attorneys General
SPENCER R. FISHER                       501 Washington Avenue
ANNA BALDWIN                            Post Office Box 300152
AMANDA HINE                             Montgomery, Alabama  36130-0152
Attorneys, Voting Section               Telephone:    (334) 242-7300
Civil Rights Division                   Facsimile:    (334) 353-8440
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530                  Attorneys for Defendants,
Telephone:    (202) 307-6552            State of Alabama and Jim Bennett,
Facsimile:    (202) 307-3961            Alabama Secretary of State

GEORGE L. BECK, JR.
United States Attorney Middle District of
Alabama

STEPHEN M. DOYLE
Assistant United States Attorney

Attorneys for Plaintiff,
United States of America


14

SO ORDERED this _17th_ day of _____January_____, 2014.


/s/ Myron H. Thompson
_____
United States District Judge