IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-00179-MHT-WC |
| | ) (WO) |
| STATE OF ALABAMA and | ) |
| HONORABLE JIM BENNETT, | ) |
| Secretary of State, in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## **CONSENT ORDER**

Before the Court is the State Defendants' Unopposed Motion to Amend this Court's Remedial Order. For good cause shown, it is ORDERED that the Motion to Amend (doc. 126) is granted.

The Court finds and orders as follows:

1) On January 17, 2014, this Court entered a Remedial Order (doc. 119) on the joint motion of the parties. The Remedial Order resolved all claims in this litigation except for a claim related to federal runoff elections which the Court resolved separately (*see* docs. 120, 121, and 124).

2) Section I of the Remedial Order makes changes to Alabama's election calendar, altering the dates for events such as candidate qualification, resolution of election contests, candidate certification by elections officials, and distribution of election materials. (Doc. 119).

3) On February 10, 2014, Alabama Governor Robert Bentley signed into law legislation which amended the Alabama statutes affected by this Court's Remedial Order. Ala. Act No. 2014-006. In that Act, the Alabama Legislature adopted, as a matter of Alabama law, the

same election calendar imposed by this Court's Remedial Order. The State Defendants assert, and the United States agrees, that Alabama's election calendar will be the same whether governed by the Remedial Order or by Alabama law, as amended by the recent legislation.

4) Rule 60 of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

5) The Court finds that that the State Defendants have met their burden under Rule 60 to seek an amendment to the Remedial Order that vacates Section I. Because the Alabama Legislature has adopted the same election calendar imposed by the Remedial Order, the provisions in Section I of the Remedial Order are no longer necessary for Alabama to comply with federal law.

6) The Court notes that the State Defendants have not moved for relief from other provisions of the Remedial Order, sections II-IX. All provisions of the Remedial Order other than Section I shall remain in effect until they expire on December 31, 2016.

**It is therefore ORDERED** that this Court's Remedial Order entered January 17, 2014 (doc. 119) is **amended** to vacate the requirements of Section I of that Remedial Order, and Section I only, with all other Sections therein remaining in full effect until they expire on December 31, 2016.

Done this 14th day of March, 2014.

　/s/  Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE